UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRYAN MICHAEL FERGASON,

Petitioner,

v.

BRIAN WILLIAMSON, *et al.*,

Respondents.

Case No. 2:19-cv-00946-GMN-BNW

ORDER

This habeas action under 28 U.S.C. § 2254 comes before the Court on petitioner Bryan Fergason's application to proceed *in forma pauperis* (ECF No. 1) and his motion for appointment of counsel (ECF No. 2), as well as for initial review.

### *Pauper Application*

The Court finds that petitioner is able to pay the $5.00 filing fee, and the pauper application therefore will be denied. Petitioner must pay the filing fee before the action will proceed forward. If he fails to timely pay the filing fee, the action will be dismissed without further advance notice. However, as discussed further below, the Court finds that a provisional grant of the motion for appointment of counsel is in the interests of justice pending payment of the filing fee. The financial materials submitted with the pauper application otherwise reflect that petitioner is unable to retain adequate representation for purposes of financial eligibility for the appointment of counsel under 18 U.S.C. § 3006A.

### *Counsel Motion*

On petitioner's motion for appointment of counsel, the Court finds that appointment of counsel is in the interests of justice taking into account: (a) Fergason's conviction

following a jury trial of multiple offenses, including one count of conspiracy to possess stolen property and/or to commit burglary, ten counts of possession of stolen property with a value of $250 or more, and fifteen counts of possession of stolen property with a value of $2,500 or more; (b) his sentencing in the aggregate apparently to, *inter alia*, two consecutive sentences of 10 years to life, reflecting a minimum of at least 20 years incarceration prior to any noninstitutional parole, with a life "tail" thereafter;[1] (c) the number and complexity of the potential procedural and merits issues presented, including issues occasioned by possible reliance on *Martinez v. Ryan,* 566 U.S. 1 (2012); (d) the extended state postconviction proceedings, spanning from 2011 to 2019; (e) the state supreme court's reversal and remand during those proceedings for the appointment of counsel, based upon, *inter alia*, the significant sentence exposure and the complexity of the issues; and (f) the prospect that substantial time possibly may remain in the federal limitation period for federal habeas counsel to assert claims without reliance upon relation back for timeliness.[2]

The motion for appointment of counsel therefore will be provisionally granted, subject to petitioner's satisfaction of the filing-fee requirement.

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is DENIED. Petitioner shall have thirty (30) days from entry of this order within which to have the filing fee of five dollars ($5.00) sent to the Clerk of Court. Failure to timely comply with this order will result in the dismissal of this action without further advance notice. As directed at the end of this order, the Clerk of Court will send

---

[1] Fergason's total post-arrest incarceration potentially may include an additional 8 years before the first aggregate life sentence began running in possibly 2014, possibly relating to charges in another case or cases. The Court has not been able to definitively determine Fergason's overall combined sentence structure with the materials available on initial review. The Court therefore refers to a minimum of at least 20 years incarceration prior to eligibility for consideration for parole outside of prison.

[2] The Court makes no conclusive determination as to the status of the federal limitation period. Petitioner at all times remains responsible for calculating the running of the limitation period and timely asserting claims.

1 petitioner in proper person two copies of this order.  Petitioner, whether he arranges the
2 payment himself or instead through counsel, shall make the necessary arrangements to
3 have a copy of this order attached to the check or other appropriate financial instrument
4 paying the filing fee.[3]

IT IS FURTHER ORDERED that the Clerk shall file the petition.[4]

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is provisionally GRANTED as set forth herein.  The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.  The provisional grant of the motion is subject to petitioner paying the filing fee within thirty (30) days of entry of this order.

IT IS FURTHER ORDERED that the Clerk will electronically serve this order upon the Federal Public Defender, that the Federal Public Defender is provisionally appointed as counsel, and that his office shall have thirty (30) days to either undertake direct representation of petitioner or indicate to the Court the office's inability to represent petitioner in these proceedings.  If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel.

IT IS FURTHER ORDERED that if the Federal Public Defender undertakes representation of petitioner, counsel then will have one hundred twenty (120) days from the filing of the notice of appearance within which to file a counseled amended petition and/or seek other relief.  Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the

---

[3] It may be more practical for Fergason to make arrangements for the payment of the filing fee himself directly from within the prison.  That is, he may be able to do so more easily and more quickly than counsel would be able to do from outside.  In all events, this order directs only the time within which the payment must be made by an appropriate financial instrument, not the manner in which it is done.

[4] The filing of the petition does not signify that the pleading is free of deficiencies.

petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Aaron Ford as counsel for Respondents and will make informal electronic service of this order upon Respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response is required from respondents until further order of the Court.

IT IS FURTHER ORDERED, for this particular case, that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or the staff attorney, unless later directed by the Court.

The Clerk will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

Finally, the Clerk will provide petitioner in proper person: (a) two copies of this order: and (b) one copy of the papers that he filed.

DATED THIS June 10, 2019

_____
Gloria M. Navarro, Chief Judge
United States District Court