UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN MICHAEL FERGASON, | Case No. 2:19-cv-00946-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMSON, et al., | |
| Respondents. | |

Petitioner having filed an unopposed motion for extension of time (first request) (ECF No. 11), and good cause appearing;

IT THEREFORE IS ORDERED that petitioner's unopposed motion for extension of time (first request) (ECF No. 11) is **GRANTED**. Petitioner will have up to and including December 19, 2019, to file a first amended petition.

IT FURTHER IS ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of an amended petition and that petitioner may file a reply within thirty (30) days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In

other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

    IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: November 6, 2019

                                                                       GLORIA M. NAVARRO
                                                                       United States District Judge