UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN MICHAEL FERGASON, | Case No. 2:19-cv-00946-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMSON, et al., | |
| Respondents. | |

Respondents have filed an unopposed motion for enlargement of time (first request) (ECF No. 17). Good cause appearing, the court grants the motion.

Petitioner has filed a proper-person motion to withdraw counsel (ECF No. 16). Previously, the court struck petitioner's <u>ex parte</u> motion for appointment of alternative counsel (ECF No. 14) because he is represented by counsel. <u>See</u> LR IA 11-6(a). Petitioner states:

> Attorney Lee refuses to withdraw, says he must be "fired" first, and Petitioner is asking for a stay due to the Response due February 3, 2020 by respondents. Alternative counsel is requested for the reasons set forth in Exhibit B.

ECF No. 16 at 1.[1] Under these circumstances, the court will require counsel for petitioner to respond to the motion. Counsel for petitioner will need to file this response <u>ex parte</u> and under

---

[1] Petitioner's request for a stay is moot because the court is granting respondents up to and including May 18, 2020 to file a response to the first amended petition (ECF No. 13).

1

seal. Counsel also will need to send this response to petitioner. Petitioner then will have the opportunity to file a reply, again ex parte and under seal.

The proper-person motion to withdraw counsel (ECF No. 16) contains privileged and confidential communications between petitioner and counsel. For that reason, the court finds compelling reasons to seal the proper-person motion. See Kamakana v. City and Cnty. Of Honolulu, 447 F.3d 1172 (9th Cir. 2006).

Petitioner did the same thing in his earlier, ex parte motion to appoint alternative counsel (ECF No. 14). The court sealed that motion along with striking it. Petitioner himself needs to understand that filing a document ex parte means only that respondents are not served with the document, but it does not conceal the document in the case's docket. However, the document still is visible to anyone who accesses the case's docket, including the respondents and the general public. If petitioner himself wishes to file a document only for the court's review, such as confidential communications between him and counsel, then he will need to file the documents "under seal," and he will need to provide physical copies in case someone needs to see the document. He also will need to explain why he wishes to file the document under seal or, for that matter, ex parte.[2]

IT THEREFORE IS ORDERED that respondents' unopposed motion for enlargement of time (first request) (ECF No. 17) is **GRANTED**. Respondents will not need to file and serve an answer or other response to the first amended petition (ECF No. 13) until further order of the court.

IT FURTHER IS ORDERED that the clerk of the court seal the proper-person motion to withdraw counsel (ECF No. 16).

///
///
///
///

---

[2] Petitioner will not need to explain why he wants to file his reply to counsel's response to his current motion (ECF No. 16) ex parte and under seal. The court is instructing him to file the reply ex parte and under seal.

IT FURTHER IS ORDERED that counsel for petitioner must file a response to the proper-person motion to withdraw counsel (ECF No. 16), within twenty-one (21) days from the date of entry of this order. Counsel for petitioner must file the response <u>ex parte</u> and under seal. Counsel also must send a physical copy of the response to petitioner. If petitioner wants to reply to the response, then petitioner will have fourteen (14) days after receipt of counsel's response to file a reply. Petitioner must note on the front page of his reply that the document is to be filed <u>ex parte</u> and under seal, in a way that the docketing clerk can notice the words.

DATED: February 10, 2020

_____
GLORIA M. NAVARRO
United States District Judge