# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN MICHAEL FERGASON, | Case No. 2:19-cv-00946-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMSON, et al., | |
| Respondents. | |

Petitioner, Bryan Fergason, had filed a proper-person motion to withdraw counsel. ECF No. 16. The court directed Fergason's attorney, the Federal Public Defender, to file under seal and <u>in camera</u> a response to the motion. ECF No. 18. The Federal Public Defender has substituted in a new attorney. ECF No. 19, 20. Fergason's new attorney has filed a sealed response and an unopposed motion for leave to a second amended petition. ECF No. 21, 22. It appears that Fergason and the Federal Public Defender have resolved their differences. The court thus will deny the proper-person motion to withdraw counsel and grant the motion for leave to file a second amended petition.

IT THEREFORE IS ORDERED that the proper-person motion to withdraw counsel (ECF No. 16) is **DENIED**.

IT FURTHER IS ORDERED that respondents need not respond to the first amended petition (ECF No. 13).

1

IT FURTHER IS ORDERED that petitioner's motion for leave to a second amended petition (ECF No. 22) is **GRANTED**. Petitioner will have 60 days from the date of entry of this order to file and serve a second amended petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition and that petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: March 3, 2020

_____
GLORIA M. NAVARRO
United States District Judge