UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN MICHAEL FERGASON,<br><br>Petitioner,<br><br>v.<br><br>BRIAN WILLIAMSON, et al.,<br><br>Respondents. | Case No. 2:19-cv-00946-GMN-BNW<br><br>**ORDER** |

**I.    Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are two motions.  Petitioner Bryan Fergason has filed a motion for leave to conduct discovery.  ECF No. 34.  Respondents have filed a motion to dismiss.  ECF No. 42.  The court grants the motion to dismiss in part because one ground is procedurally defaulted and because one ground is a claim of a violation of the Fourth Amendment that is not addressable in federal habeas corpus.  Two other grounds, in their current form, are procedurally defaulted, but discovery and Fergason's investigation might transform the grounds such that Fergason can overcome the procedural default.  The court denies the motion to dismiss regarding these two grounds.  The court finds that Fergason has shown good cause to conduct discovery, and the court grants that motion.

1

## II. Procedural History

After a jury trial in state district court, Fergason was convicted of one count of conspiracy to possess stolen property and/or to commit burglary and 25 counts of possession of stolen property. Ex. 98 (ECF No. 45-18). Fergason appealed. Ex. 82 (ECF No. 45-2). The Nevada Supreme Court affirmed. Ex. 112 (ECF No. 45-32).

Fergason filed a proper-person post-conviction habeas corpus petition. Ex. 117 (ECF No. 45-37). The state district court denied the petition. Ex. 130 (ECF No. 46-10). Fergason appealed for the first time. Ex. 122 (ECF No. 46-2). The Nevada Supreme Court reversed and remanded for appointment of counsel. Ex. 149 (ECF No. 46-29). The state district court appointed counsel. Ex. 156 (ECF No. 46-36). Fergason then filed a counseled supplemental petition. Ex. 157 (ECF No. 46-37). The state district court held an evidentiary hearing. Ex. 164 (ECF No. 47-4). The state district court denied the petition. Ex. 166 (ECF No. 47-6). Fergason appealed for the second time. Ex. 168 (ECF No. 47-8). One of the issues that he raised was that the state district court addressed only the claims in the supplemental petition, ignoring the claims in the original petition. Ex. 179 (ECF No. 47-19). The Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals. Ex. 182 (ECF No. 47-22). The Nevada Court of Appeals dismissed the appeal. Ex. 184 (ECF No. 47-24). That court ruled that the district court did not address all of Fergason's claims, that the district court's order thus was not a final order, and that Fergason thus was appealing from a non-appealable order. Id. The state district court entered an amended decision. Ex. 200 (ECF No. 48). Fergason appealed for the third time. Ex. 190 (ECF No. 47-30). The Nevada Supreme Court affirmed. Ex. 214 (ECF No. 47-14).

## III. Legal Standard

### A. Exhaustion of State-Court Remedies

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

U.S. 4, 6 (1982). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

### B. Fourth-Amendment Claims

If the petitioner had a full and fair opportunity in state court to litigate a claim of a violation of the Fourth Amendment, then that claim is not addressable in federal habeas corpus. Stone v. Powell, 428 U.S. 465, 494 (1976).

### C. Discovery

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") states, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." If, through "specific allegations before the court," the petitioner can "'show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). The Court noted that while the facts of Bracy made it an abuse of discretion not to allow discovery, "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." Bracy, 520 U.S. at 909.

## IV. Discussion

### A. Grounds Two(B), Two(C), and Two(D) Are Unexhausted

#### 1. Ground Two(B)

Ground Two(B) is a claim that trial counsel provided ineffective assistance. After the jury announced its verdict, the state district judge commented about Fergason's criminal history. The judge made similar comments at Fergason's sentencing hearing as well as at hearings of Fergason's co-defendants. Fergason claims that trial counsel should have sought recusal of the judge before sentencing. Fergason raised this claim in his proper-person state post-conviction habeas corpus petition. Ex. 117 (ECF No. 45-37 at 13-14). Fergason did not raise this claim in

3

1  the final post-conviction appeal. Ex. 206 (ECF No. 48-6). Fergason admits that he has not fairly

2  presented Ground Two(B) to the state courts. ECF No. 33 at 12. Ground Two(B) is unexhausted.

### 2. Grounds Two(C) and Two(D)

Ground Two(C) is a claim that trial counsel failed to hire an expert to provide a valuation for the stolen property. Fergason raised this claim as Ground One(B) of his original proper-person state post-conviction petition. Ex. 117 (ECF No. 45-37 at 15-16). This claim was one of the claims that the state district court did not address in its second denial of the state post-conviction petition. In the appeal from that denial, Fergason argued that the proper-person petition raised issues of cumulative error that warranted relief, and he mentioned this claim as one of many examples. Ex. 179 at 39 (ECF No. 47-19 at 45). The Nevada Court of Appeals dismissed the appeal because the state district court had not entered a final order that addressed all of Fergason's claims. Ex. 184 (ECF No. 47-24). The state district court then entered an amended decision that addressed the claim. Ex. 200 (ECF No. 48). In the appeal from that denial, Fergason did not raise this claim as an issue. Ex. 206 (ECF No. 48-6).

Ground Two(D) is a claim that trial counsel failed to object to PowerPoint slides that the prosecutor used in the opening statement that contained photographs of Fergason and co-defendants with the word "GUILTY" superimposed over the photographs. Fergason raised this claim as Ground Four of his supplemental state petition. Ex. 157 (ECF No. 46-37 at 87-95).[1] The state district court addressed this claim in its second denial of the post-conviction petition:

> Trial counsel was adamant in her testimony that if photos on the State's opening PowerPoint would have flashed the word "guilty" across any faces, she would have acted accordingly. Additionally, the State has correctly pointed out that Defendant's first Petition makes no mention of this occurring at opening, and only notes it happening during closing arguments. The Court finds that no photos with the word "guilty" superimposed were shown during State's opening argument.

Ex. 166 at 7 (ECF No. 47-6 at 8). Fergason did raise this issue on appeal from the second denial. Ex. 179 at 47-51 (ECF No. 47-19 at 53-57). The Nevada Court of Appeals dismissed the appeal because the state district court had not entered a final order that addressed all of Fergason's

---

[1] In the original proper-person state petition, Fergason alleged that the prosecution showed these slides to the jury during closing argument, not the opening statement. Ex. 117 (ECF No. 45-37 at 14).

4

1 claims. Ex. 184 (ECF No. 47-24). The state district court then entered an amended decision
2 accordingly. Ex. 200 (ECF No. 48). In the appeal from that denial, Fergason did not raise this
3 claim as an issue. Ex. 206 (ECF No. 48-6).
4     Petitioner initially stated that, along with Ground Two(B), he has not fairly presented
5 Grounds Two(C) and Two(D) to the state courts. ECF No. 33 at 12. He now argues that he
6 presented Grounds Two(C) and Two(D) to the state courts in his second post-conviction appeal.
7 ECF No. 56 at 6.
8     The court disagrees. "[S]tate prisoners must give the state courts one full opportunity to
9 resolve any constitutional issues by invoking one complete round of the State's established
10 appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Even if Fergason
11 fairly presented the claims now in Ground Two(C) and Two(D) to the Nevada appellate courts in
12 his second post-conviction appeal, the Nevada Court of Appeals dismissed the appeal because the
13 state district court had not yet entered a final order that disposed of all of Fergason's claims. Ex.
14 184 (ECF No. 47-24). Fergason characterizes the order dismissing the appeal as a remand for the
15 state district court to explicitly resolve all of his claims. ECF No. 56 at 7. Either way, the
16 outcome is the same. At that point in the proceedings, Fergason had not yet gone through one
17 complete round of state post-conviction proceedings. See Boerckel, 526 U.S. at 845.
18     The court is not persuaded by Fergason's argument that the Nevada Court of Appeals
19 could have construed the state district court's order as summarily denying any claims not
20 explicitly mentioned. ECF No. 56 at 8. When the state district court denied the petition at the
21 end of the evidentiary hearing, Fergason's counsel asked respondents' counsel, who was preparing
22 the decision, to include the denials of all the grounds in the proper-person petition. Ex. 164 at 56
23 (ECF No. 47-4 at 57). Then, on appeal, Fergason argued that the state district court did not
24 include those denials. Ex. 184 at 1 (ECF No. 47-24 at 2). The Nevada Court of Appeals
25 dismissed the appeal based upon Fergason's argument. Ex. 179 at 26-41 (ECF No. 47-19 at 32-
26 47). This court cannot now say that the Nevada Court of Appeals had and passed on the
27 opportunity to rule on fairly presented claims when that court did exactly what Fergason asked.
28

5

**B.     Grounds Two(B), Two(C), and Two(D) Are Procedurally Defaulted**

If Fergason were to return to state court to exhaust these grounds, he would face the state-law procedural bars for an untimely and successive petition. See Nev. Rev. Stat. §§ 34.726, 34.810. A state district court can excuse those procedural bars if Fergason can demonstrate cause and prejudice.

A procedural default of a claim of ineffective assistance of trial counsel may be excused "where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'" Trevino v. Thaler, 569 U.S. 413, 423 (2013) (citing Martinez v. Ryan, 566 U.S. 1, 13-16 (2012)). "The rule of Coleman [v. Thompson, 501 U.S. 722 (1991)] governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Martinez, 566 U.S. 1 (2012) (emphasis added).

Fergason has no argument for cause and prejudice other than Martinez. He acknowledges that Martinez does not apply for procedural defaults that occurred because claims are not raised on post-conviction appeal. ECF No. 56 at 10. He also notes that Nevada has not adopted Martinez for its procedural bars. Id. (citing Brown v. McDaniel, 331 P.3d 867 (Nev. 2014)). For Ground Two(B), he has no proposal how Martinez might excuse the procedural default. The court thus dismisses Ground Two(B).

**C.     The Court Denies in Part the Motion to Dismiss Regarding Grounds Two(C) and Two(D), and the Court Grants the Motion for Leave to Conduct Discovery**

Fergason has a proposal for Grounds Two(C) and Two(D) not being exhausted. First, he is trying on his own to obtain an expert valuation for the stolen property, and he is seeking discovery to require respondents to turn over the PowerPoint slides showing his photograph with

6

1   the word "GUILTY" superimposed over it.  ECF No. 56 at 10.  That evidence would make
2   Grounds Two(C) and Two(D) new claims that the state courts would not have considered.  Id.
3   Grounds Two(C) and Two(D) would be unexhausted not because Fergason failed to raise them on
4   appeal, but because Fergason's post-conviction counsel did not raise them in the state district
5   court.  Grounds Two(C) and Two(D) also would be procedurally defaulted and technically
6   exhausted, because the state courts will not consider Fergason's Martinez argument.  Then this
7   court could consider Fergason's Martinez argument.  Then, if the court agrees with Fergason's
8   Martinez argument, he can get de novo review of Grounds Two(C) and Two(D) in federal court,
9   without ever presenting the new claims to the state courts.  In effect, Fergason is not trying to
10  save his claims from procedural default, but he is intentionally trying to procedurally default his
11  claims to take advantage of Martinez.

12       This case is in a posture where dissenting opinions in two cases provide more guidance
13  than the majority opinions.  The Supreme Court held that a federal court's review of a state court's
14  decision of a claim on the merits under 28 U.S.C. § 2254(d)(1) is limited to the record before the
15  state court at the time of the decision.  Cullen v. Pinholster, 563 U.S. 170 (2011).  In dissent,
16  Justice Sotomayor noted that this created a problem.  She gave a hypothetical example of a person
17  who claimed in state court that the prosecution had withheld exculpatory witness statements in
18  violation of Brady v. Maryland, 373 U.S. 83 (1963).  The state court denied the claim because the
19  known withheld evidence was not material under Brady.  The person then finds that the
20  prosecution had withheld other exculpatory statements, but under state law the person could not
21  present the new evidence in a successive petition.  Pinholster, 563 U.S. at 214-15 (Sotomayor, J.,
22  dissenting).  Justice Sotomayor noted that if the person never had presented the Brady claim at all
23  to the state courts, then it would be procedurally defaulted, and the person could try to show cause
24  and prejudice to excuse the default.  Id. at 215.  However, under the hypothetical she presented,
25  the state courts denied the Brady claim on the merits, and while it might have been a reasonable
26  application of Brady based upon the state record as it existed then, it might no longer be
27  reasonable when considering both the old evidence and the new evidence.  Id.  With the decision
28  in Pinholster, under 28 U.S.C. § 2254(d)(1) a federal court would be prohibited from considering

the new evidence in determining whether the state-court decision was reasonable.  Id.  Thus, she concluded, "suggests the anomalous result that petitioners with new claims based on newly obtained evidence can obtain federal habeas relief if they can show cause and prejudice for their default but petitioners with newly obtained evidence supporting a claim adjudicated on the merits in state court cannot obtain federal habeas relief if they cannot first satisfy 28 U.S.C. § 2254(d)(1) without the new evidence."  Id.  In other words, if there is newly obtained evidence, it is better for the petitioner that the claim be procedurally defaulted instead of adjudicated on the merits in state court.

The majority suggested that Justice Sotomayor's hypothetical might be a new claim that the state courts had not adjudicated on the merits.  563 U.S. at 186 n.10.  She responded that new evidence in the hypothetical she described usually is not considered a new claim but additional proof in support of an existing claim.  Id. at 216.  She noted again that such a new claim would mean that a petitioner could obtain de novo federal review if the petitioner could demonstrate cause and prejudice, instead of the deferential review of § 2254(d)(1) that Congress intended.  Id.

Later, after the Supreme Court decided Martinez, the Ninth Circuit held that a petitioner who presented a new claim of ineffective assistance of trial counsel could obtain de novo review of that claim if the claim was procedurally defaulted and if the ineffective assistance of post-conviction counsel was the cause for that default.  Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014) (en banc).  If newly discovered evidence puts a claim already adjudicated on the merits in state court into a "significantly different and stronger evidentiary posture," then it is unexhausted. Id. at 1318 (quoting Aiken v. Spalding, 841 F.2d 881 (9th Cir. 1988)).  The ground then would be procedurally defaulted because the state courts—Arizona in Dickens, Nevada in this case—have not adopted Martinez as an excuse for their state-law procedural bars.  The state courts would apply the procedural bars to dismiss the state petition, and thus returning to the state courts to exhaust the claims would be futile.  Then the petitioner could demonstrate cause and prejudice in federal court by showing that post-conviction counsel was ineffective under Martinez.  Then the petitioner can obtain de novo review of the claim in federal court.  Judge Callahan noted that this holding turned the cases that Dickens relied upon completely around.  In Aiken and Nevius v.

1    Sumner, 852 F.2d 463 (Nev. 1988), the Ninth Circuit told the petitioners that they needed to
2    present their new evidence to the state courts first before presenting that evidence to the federal
3    courts.  Now, Dickens' application of Aiken and Nevius means that a petitioner can obtain de
4    novo review without even trying to present the evidence to the state courts.  Dickens, 740 F.3d at
5    1330-32 (Callahan, J., dissenting in part).
6        That is the situation now before the court.  Again, Fergason is not trying to use Martinez
7    to save procedurally defaulted claims from dismissal.  Fergason is trying to procedurally default
8    his grounds to use Martinez to gain de novo review of the claims.[2]  Yet, what Fergason proposes
9    would result in nothing different in what Dickens held and Pinholster suggested in its footnote 10.
10   In state court, Fergason's claim that trial counsel should have obtained an expert opinion on the
11   value of the stolen property had no evidentiary support, and his claim that trial counsel should
12   have objected to the PowerPoint slide with the word "GUILTY" superimposed over his
13   photograph had only his testimony against his former counsel's testimony.  If Fergason can obtain
14   an expert valuation, which he is trying on his own, and if Fergason can obtain the PowerPoint
15   slides used in the opening statement, for which he is seeking discovery, then Grounds Two(C)
16   and Two(D) would be in significantly different and stronger evidentiary postures.  They would be
17   new claims.  Dickens would be controlling precedent, and Fergason could obtain de novo review
18   of the claims in this court.
19       The court thus finds that Fergason has shown good cause for discovery.  See Bracy, 520
20   U.S. at 908-09.  If Fergason does obtain the evidence that he is seeking, then he may move for
21   leave to amend his petition to include that evidence.  If he does so move, and if the court grants
22   the motion, then the court will decide at that time how respondents should respond to the newly
23   amended petition.  If Fergason does not obtain the evidence that he is seeking, then he will need
24   to file a status report stating as much, and the court will decide at that time how respondents
25   should respond again to the current amended petition (ECF No. 33).

---

[2] The court is not saying that Fergason has held back evidence intentionally.  The court is saying only that Fergason is taking advantage of the distortions that the dissents in Pinholster and Dickens predicted accurately.

9

The court's leave is not necessary for obtaining the expert valuation—again, Fergason is trying to obtain that on his own—but the court will set the same deadline for finding that evidence in support of Ground Two(C) as it sets for the discovery in support of Ground Two(D). If Fergason cannot obtain that valuation by then, he probably cannot obtain it at all.

The court also denies in part the motion to dismiss regarding Grounds Two(C) and Two(D). If everything works out in Fergason's favor, then Grounds Two(C) and Two(D) still will be procedurally defaulted, but in a way that he can overcome the procedural default through Martinez. Requiring Fergason to decide what to do with Grounds Two(C) and Two(D) would be premature.

### D. Fergason's Argument Regarding State-Court Delays Is Moot

Fergason argues that this court should not find Grounds Two(B), Two(C), and Two(D) to be unexhausted because his state post-conviction proceedings had serious delays over nearly eight years, and the court should not subject him to another possible eight years if he needs to return to state court. ECF No. 56 at 3-5. However, as the court has found above, Ground Two(B) is procedurally defaulted and Martinez is inapplicable, and the court is dismissing it. The court is deferring action on the failure to exhaust Grounds Two(C) and Two(D), so Fergason faces no risk now of returning to state court. Fergason's argument about delay thus is moot.

### E. The Court Dismisses Ground One

Respondents argue that Ground One, a claim of a violation of the Fourth Amendment, is not addressable in federal habeas corpus because Fergason had a full and fair opportunity to litigate the claim in the state courts. ECF No. 42 at 9-10 (citing Stone v. Powell, 428 U.S. at 494. Fergason argues that he did not have a full and fair opportunity to litigate the issue because the state district court denied his request for an evidentiary hearing for necessary fact-finding. ECF No. 56 at 11-12. This issue is complicated because it involves three separate criminal cases and Fergason's co-defendant Daimon Monroe. After analyzing Fergason's argument, the court concludes that Fergason did have a full and fair opportunity to litigate the claim in the state courts.

First, Fergason was on probation in a criminal case that otherwise is unrelated to the current case. Second, Fergason and Hoyt were arrested for the burglary of the Anku Crystal Palace, a shop that sold crystals and East Asian statues. The events of Fergason's detention and arrest are the basis of the Fourth Amendment claim. Third, while in jail awaiting the disposition of the Anku Crystal Palace case, Fergason made phone calls that were recorded. The investigation that followed led to the case that is now before the court.

The prosecution sought to revoke Fergason's probation in the otherwise unrelated case. Fergason litigated a motion to suppress regarding his detention and arrest. The arguments were similar to those that he raises now in Ground One. The state district court held oral argument. The state district court denied the motion to suppress without holding an evidentiary hearing. ECF No. 56 at 13.

In the Anku Crystal Palace case, both Fergason and Monroe made oral arguments at the preliminary hearing, challenging the legality of the police stopping them. The justice court did not consider the oral motions. ECF No. 56 at 13.

In the Anku Crystal Palace case, in the state district court, Monroe filed a motion to suppress regarding the police stop. The arguments were similar to the arguments that Fergason raised in Ground One. The state district court denied the motion without conducting an evidentiary hearing. The state district court noted that it recently had denied Fergason's analogous motion in the probation-revocation proceedings. ECF No. 56 at 13.

In the Anku Crystal Palace case, Monroe raised the Fourth Amendment claim on direct appeal. He argued (1) that the initial traffic stop was improper and, even if it was proper, the scope of the investigation exceeded the justification for the stop; (2) there was no reason for the police to search the van initially as a protective sweep, during which they found a glass object that they connected to the Anku break-in; and (3) <u>the trial court had erroneously denied the suppression motion without holding an evidentiary hearing, because there were disputed factual issues.</u> ECF No. 56 at 14. The Nevada Supreme Court reversed and remanded Monroe's conviction. It held that the state district court should have held an evidentiary hearing on Monroe's motion, instead of relying on the conclusions that it had reached during the <u>evidentiary</u>

11

hearing in Fergason's probation-revocation case. The mention of the evidentiary hearing was erroneous, because an evidentiary hearing did not occur in Fergason's probation-revocation case. Nonetheless, Monroe prevailed. Without specific factual findings, the Nevada Supreme Court was unable to conclude that the prosecution had met its burden of proof. ECF No. 56 at 14.

In the Anku Crystal Palace Case, back in the state district court Monroe and the prosecution then negotiated a guilty-plea agreement. ECF No. 56 at 15.

In the instant, stolen-property case, Fergason and Monroe both filed motions to suppress. The state district court severed the trials of Monroe and Fergason, and Monroe's trial occurred first. The court heard oral argument about both motions at the start of Monroe's trial. The state district court denied the motions orally without holding an evidentiary hearing. ECF No. 56 at 15.

In the stolen-property case, on direct appeal, Fergason raised a Fourth Amendment claim. The Nevada Supreme Court affirmed. ECF No. 56 at 15.

In the stolen-property case, on direct appeal, Monroe also raised a Fourth Amendment claim. The Nevada Supreme Court affirmed. Its reasoning was materially identical to the reasoning in Fergason's appeal. ECF No. 56 at 16.

In the instant, stolen-property case, Fergason did not argue that the state district court should have held an evidentiary hearing. Ex. 101 (ECF No. 45-21). In contrast, in the Anku Crystal Palace Case, Monroe did argue that the state district court should have held an evidentiary hearing. P. Ex. 12 at 20 (ECF No. 57-12 at 22). It worked. The Nevada Supreme Court agreed with Monroe and remanded for an evidentiary hearing. P. Ex. 15 (ECF No. 57-15). Although the Nevada Supreme Court stated erroneously in Monroe's appeal that Fergason had an evidentiary hearing in the probation-revocation case, Fergason easily could have corrected that error in his own appellate brief, if he had raised the issue.

Fergason had the same opportunity as Monroe to litigate the Fourth Amendment issue. Fergason did not take that opportunity. For the purposes of Stone v. Powell, it does not matter that he did not avail himself of that opportunity; it only matters that the opportunity was present. The court dismisses Ground One.

## V.　Conclusion

IT THEREFORE IS ORDERED that petitioner's motion for leave to conduct discovery (ECF No. 34) is **GRANTED**.  Petitioner must complete discovery within 60 days of the date of entry of this order.

IT FURTHER IS ORDERED that, within 28 days of the completion of discovery, petitioner must file a motion for leave to amend the petition, a status report stating that he will stand on his current amended petition (ECF No. 33), or any other appropriate motion.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 42) is **GRANTED** in part.  The court dismisses Grounds One and Two(B) with prejudice.  The court **DENIES** in part the motion to dismiss with respect to Grounds Two(C) and Two(D).

DATED: September 30, 2021

_____
GLORIA M. NAVARRO
United States District Judge