UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN MICHAEL FERGASON,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN WILLIAMSON, et al.,<br><br>    Respondents. | Case No. 2:19-cv-00946-GMN-BNW<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court is petitioner Bryan Fergason's motion for leave to file third amended petition. ECF No. 68. Respondents have not responded to the motion. The court finds that good cause exists to grant the motion.

IT THEREFORE IS ORDERED that petitioner's motion for leave to file third amended petition (ECF No. 68) is granted. Petitioner must file the third amended petition within 7 days from the date of entry of this order.

IT FURTHER IS ORDERED that respondents must file a response to the third amended petition, including potentially by motion to dismiss, within 60 days of service of the third amended petition and that petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

1    IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: April 5, 2022

_____
GLORIA M. NAVARRO
United States District Judge

2