**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRYAN MICHAEL FERGASON,

Petitioner,

v.

BRIAN WILLIAMSON, et al.,

Respondents.

Case No. 2:19-cv-00946-GMN-BNW

**ORDER GRANTING IN PART MOTION TO DISMISS THIRD AMENDED PETITION**

Counseled Nevada prisoner Bryan Fergason brings this habeas corpus action under 28 U.S.C. § 2254 to challenge his 2008 state court convictions for conspiracy to possess stolen property or commit burglary and possession of stolen property. Fergason filed a third amended petition asserting five grounds for relief. (ECF No. 70). Respondents move to dismiss the petition as a mixed or, alternatively, to dismiss Grounds 1, 2(B), and 2(C). (ECF No. 73). The parties agree that Grounds 1 and 2(B) should be dismissed with prejudice for the reasons stated in the Court's September 30, 2021, order. They also agree that Ground 2(C) is technically exhausted and procedurally defaulted. Fergason argues that he obtained an expert valuation and can show cause and prejudice to overcome the default of that claim under *Martinez v. Ryan*, 566 U.S. 1 (2012). The parties agree that the Court should defer ruling on the procedural-default question until it adjudicates the merits of the third amended petition.

The Court agrees that Grounds 1 and 2(B) should be dismissed with prejudice for the reasons stated in the Court's September 30, 2021, order. The Court agrees with the parties about how to address Ground 2(C). The Court therefore grants the motion in part, dismissing with prejudice Grounds 1, 2(B), and deferring ruling on Ground 2(C).

## I.      PROCEDURAL BACKGROUND

On June 3, 2019, Fergason filed an application to proceed *in forma pauperis* and submitted a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF Nos. 1, 1-1). Fergason filed a counseled first amended petition on December 19, 2019. (ECF No. 13). On December 15,

2020, Fergason filed a second amended petition asserting six grounds for relief: 1, 2(A), 2(B), 2(C), 2(D), and 3. (ECF No. 33).  And he moved for leave to conduct discovery about Ground 2(D). (ECF No. 34).

Respondents moved to dismiss the second amended petition, arguing that it is mixed because Grounds 2(B), 2(C), and 2(D) are unexhausted, and Ground 1 is not cognizable. (ECF No. 42).  The Court granted Fergason's motion to conduct discovery for Ground 2(D) and granted in part and denied in part Respondents' dismissal motion. (ECF No. 61).  The Court dismissed with prejudice Grounds 1 and 2(B) but denied the motion as to Grounds 2(C) and 2(D). (*Id.* at 13).  The Court gave Fergason deadlines to complete discovery for Ground 2(D), obtain an expert valuation for Ground 2(C), and provide notice about how he intended to proceed in this case. (*Id.*)

After granting several requests to extend the deadline for Fergason to complete discovery, (ECF Nos. 63, 65, 67), Fergason moved for leave to file a third amended petition. (ECF No. 68).  Fergason explained that he was abandoning Ground 2(D) and incorporating the factual support for Ground 2(C) that he obtained during discovery. (*Id.* at 2).  And although the Court had dismissed Grounds 1 and 2(B) with prejudice, Fergason sought to replead them. (*Id.*)  Fergason explained that he wasn't "seeking reconsideration from this Court of its decision dismissing those claims.  Rather, he simply wants to avoid any argument he would be abandoning those claims (and precluding potential appellate review) by omitting them from the proposed third amended petition." (*Id.*) Respondents did not file a response and the Court granted the motion. (ECF No. 69).

On April 6, 2022, Fergason filed his third amended petition asserting five grounds for relief: (1) the police lacked authority to stop the van and detain Monroe and Fergason; (2) trial counsel provided ineffective assistance by (A) failing to object to testimony about prior burglaries, (B) failing to seek the judge's recusal before sentencing, and (C) failing to hire a valuation expert; and (3) Fergason's aggregate sentence is disproportionate and cruel and unusual punishment. (ECF No. 70).  Respondents now move to dismiss the petition as mixed or, alternatively, to dismiss Ground 1 as not cognizable and Grounds 2(B) and 2(C) as unexhausted. (ECF No. 73).  Fergason responds that because Respondents' current motion to dismiss is substantially identical to their earlier motion, and no party seeks reconsideration of the Court's order on that motion, the Court

should resolve the current dismissal motion consistent with its prior order. (ECF No. 74 at 2). Respondents do not disagree and, like Fergason, argue that the Court should defer ruling on whether Fergason can demonstrate cause and prejudice under *Martinez* for Ground 2(C) until after the parties have answered and replied. (ECF No. 75).

## II.   DISCUSSION

### A.   Ground 1

Fergason asserts under Ground 1 that his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution were violated because police lacked authority to stop the van and detain him and Monroe. (ECF No. 70 at 9). The Court previously found that Ferguson had a full and fair opportunity to litigate this Fourth Amendment claim in the state courts, and so dismissed Ground 1 with prejudice under *Stone v. Powell*, 428 U.S. 465 (1976). (ECF No. 61 at 10–12). The parties do not move for reconsideration of the Court's order, and their positions on these issues are unchanged.  For the reasons explained in the Court's September 30, 2021, order, Ground 1 is dismissed with prejudice as not addressable in a federal habeas action.

### B.   Ground 2(B)

Fergason asserts under Ground 2(B) that his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution were violated because trial counsel provided ineffective assistance by failing to seek the judge's recusal before sentencing. (ECF No. 70 at 16).  The Court previously determined that Ground 2(B) is unexhausted because it was not fairly presented to the state courts. (ECF No. 61 at 3–4). The Court determined that Ground 2(B) is procedurally defaulted because the state courts would dismiss a petition raising this claim as untimely and successive under NRS 34.726 and 34.810. (*Id.* at 6).  And the Court dismissed Ground 2(B) with prejudice because Fergason had no argument for cause and prejudice to excuse the default other than *Martinez* but had not proposed how *Martinez* might apply to Ground 2(B). (*Id.*)

The parties do not move for reconsideration of the Court's order, and their positions on these issues are unchanged.  For the reasons explained in the Court's September 30, 2021, order, Ground 2(B) is dismissed with prejudice as procedurally defaulted.

C.    **Ground 2(C)**

Fergason asserts under Ground 2(C) that his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution were violated because trial counsel provided ineffective assistance by failing to hire a valuation expert. (ECF No. 70 at 19). The Court previously stated that Ground 2(C) is unexhausted because it was not fairly presented to the state courts. (ECF No. 61 at 4). Fergason, however, proposed a means that would allow him to take advantage of *Martinez*: obtain an expert valuation of the stolen property to make Ground 2(C) a new claim that the state courts would not have considered. (*Id.* at 7). That claim "would be unexhausted not because Fergason failed to raise [it] on appeal, but because Fergason's postconviction counsel did not raise [it] in the state district court." (*Id.*) But state courts would not consider Fergason's *Martinez* argument, so the claim would be procedurally defaulted and technically exhausted. (*Id.*) And if the Court agrees with Fergason's *Martinez* argument, then he can get *de novo* review of Ground 2(C). (*Id.*)

After careful analysis, the Court concluded that if Fergason can obtain an expert valuation on his own, Ground 2(C) "would be in [a] significantly different and stronger procedural posture[ ]." (*Id.* at 9). It would be a new claim.  Then *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), would be controlling precedent, allowing Fergason to obtain *de novo* review of Ground 2(C) from this Court. (*Id.*) So, the Court set a deadline for Fergason to obtain an expert valuation and denied the dismissal motion as to Ground 2(C). (*Id.* at 10).

Fergason now argues that Ground 2(C) is substantially improved from the version of the claim that he raised in state court because he has obtained an expert valuation opinion that concludes the State presented insufficient evidence at trial to reliably value the stolen property. (ECF No. 74 at 4–5).  He argues that Ground 2(C) is a new claim for exhaustion purposes, but the state courts would decline to consider it on procedural grounds as being presented in an untimely and successive petition. (*Id.* at 5 (citing Nev. Rev. Stat. §§ 34.726, 34.810; *Brown v. McDaniel*, 331 P.3d 867 (2014)). So, Fergason continues, Ground 2(C) is technically exhausted and procedurally defaulted, but he can rely on *Martinez* to overcome the default if he can show that his state postconviction counsel provided ineffective assistance by failing to litigate this new version

1    of Ground 2(C) in the state district court.  Fergason asks the Court to defer ruling on the procedural

2    default question until the merits stage. (*Id.* at 7). Respondents do not disagree and also ask the

3    Court to defer ruling until the merits stage. (ECF No. 75 at 2–3).

4           The Court decided that it could consider a new expert evaluation in deciding Fergason's

5    potential *Martinez* argument before the Supreme Court altered the landscape in *Shinn v. Ramirez*,

6    --- U.S. ---, 142 S. Ct. 1718 (2022), by "greatly restricting the circumstances in which a federal

7    habeas court deciding *Martinez* claims may consider evidence beyond that already contained in

8    the state record." *Creech v. Richardson*, 40 F.4th 1013, 1028 (9th Cir. 2022).  Before *Ramirez*, a

9    federal habeas court "could consider new evidence supporting a claim of [ineffective assistance of

10   counsel] by [postconviction review] counsel in determining whether a petitioner satisfies the

11   requirements of *Martinez* without running afoul of" 28 U.S.C. § 2254(e)(2) and *Cullen v.*

12   *Pinholster*, 563 U.S. 170 (2011). *Id.* (citing *Dickens*, 740 F.3d at 1320). But after *Ramirez*, if 28

13   U.S.C. § 2254(e)(2) "applies and the prisoner cannot satisfy its 'stringent requirements,' a federal

14   court may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause

15   and prejudice under *Martinez*." *Ramirez*, 142 S. Ct. at 1739 (quoting *Williams v. Taylor*, 529 U.S.

16   420, 433 (2000)).

17          "Section 2254(e)(2) provides that, if a prisoner 'has failed to develop the factual basis of a

18   claim in State court proceedings,' a federal court may hold 'an evidentiary hearing on the claim'

19   in only two limited scenarios." *Id.* at 1734. "Either the claim must rely on (1) a 'new' and

20   'previously unavailable' 'rule of constitutional law' made retroactively applicable by [the

21   Supreme] Court, or (2) 'a factual predicate that could not have been previously discovered through

22   the exercise of due diligence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(2)(A)(i), (ii)). Moreover,

23   "§ 2254(e)(2) applies only when a prisoner 'has failed to develop the factual basis of a claim." *Id.*

24   "Failed" means that the prisoner is "at fault" for the undeveloped state-court record, in other words,

25   "if he 'bears responsibility for the failure' to develop the record." *Id.* (quoting *Williams*, 529 U.S.

26   at 432).  And "under AEDPA and [the Supreme Court's] precedents, state postconviction counsel's

27   ineffective assistance in developing the state-court record is attributed to the prisoner." *Id.*

28

The Court recognizes that the parties did not brief this issue—*Ramirez* was issued a couple of months before Respondents filed their dismissal motion and *Creech* was issued just two weeks before Fergason filed his response brief.  The Court therefore defers ruling on Ground 2(C) as requested by the parties.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss Third Amended Petition for Writ of Habeas Corpus (ECF No. 73) is GRANTED IN PART AND DENIED IN PART:

1. Ground 1 is dismissed with prejudice as not addressable in a federal habeas action; and

2. Grounds 2(B) is dismissed with prejudice as procedurally defaulted;

3. The court defers ruling on Ground 2(C) as requested by the parties.

IT IS FURTHER ORDERED that Respondents have until January 5, 2023 to file and serve an answer to Fergason's remaining grounds for relief: 2(A), 2(C) and 3.  The answer must contain all substantive and procedural arguments as to all surviving claims of the third amended petition. And the answer must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.  Petitioner Fergason will then have 30 days following service of Respondents' answer to file a reply.

DATED: December 5, 2022

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE