# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN MICHAEL FERGASON, | Case No. 2:19-cv-00946-GMN-BNW |
| Petitioner, | |
| v. | **ORDER** |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

In this habeas matter, the Court previously ordered the respondents to supplement the record with certain items that are part of the state court record of proceedings. ECF Nos. 93. The parties submitted responses and requests. ECF Nos. 94–99. For the reasons discussed below, the Court (1) grants the petitioner's request to strike Exhibit 227 (ECF No. 98-1); (2) grants the respondents' motion to file Exhibit 228 (ECF No. 98-2) under seal; (3) grants the petitioner's request to order the respondents to file with the Court no later than **March 4, 2024**, the transcript of the testimony of Brent Engle; and (4) orders the petitioner to file with the Court no later than **March 11, 2024**, the reporter's transcript of proceedings for the state district court's postconviction hearing held on March 29, 2016.

This case has been pending almost three years. The Court does not signify the delay is the fault of any party or counsel and merely seeks to resolve this matter without further unnecessary delay. The parties are therefore directed to give priority to compliance with this Order over less-urgent matters in the district and discourages the filing of requests for extension of time to comply with this Order.

**I.    The request to strike Exhibit 227 (ECF No. 98-1) is granted.**

The respondents filed a Motion for Leave to File Documents Under Seal. (ECF No. 97). They seek to file two Presentence Investigation Reports ("PSIs"), which they claim are part of the state court record for the case underlying the current petition, i.e., state district court Case No. C228752. (ECF No. 97–98.) The respondents seek to file under seal: (1) A PSI dated March 24, 2008, Exhibit

227 (ECF No. 98-1), generated for state district court Case No. C227874, which is a companion case to the case at issue in these federal habeas proceedings; and (2) a Supplemental PSI dated September 18, 2008, Exhibit 228 (ECF No. 98-2), generated for state district court Case No. C228752, which is the case underlying the instant federal habeas petition.

The petitioner admits the correctness of both PSIs but requests the Court strike the PSI for the companion state court Case No. C227874. ECF No. 99 at 2 n1.  The Court grants the petitioner's request to strike Exhibit 227 (ECF No. 98-1), because it is the PSI for the companion Case No. C227874.  (ECF No. 98-1 at 2.) It does not appear that the PSI (ECF No. 98-1) was made part of the state court record for the state court case at issue in these proceedings.  Instead, it appears that in the case underlying these habeas proceedings, the state district court entertained the Supplemental PSI dated September 18, 2008 (*see* ECF No. 98-2 at 2), which incorporates the convictions that resulted in the companion Case No. C227874, and the background information contained in the initial PSI dated March 24, 2008.

II. **The motion to seal the Supplemental Presentence Investigative Report is granted.**

Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5).  Having reviewed and considered the matter in accordance with *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records.  The Court grants the respondents' motion to seal the Supplemental PSI (ECF No. 97) and will consider Exhibit 228 (ECF No. 98-2) properly filed under seal.

III. **The respondents are ordered to file the transcript of the testimony of Brent Engle.**

The Court ordered the respondents to file the transcript of Brent Engle's testimony, which was read to the jury during the trial of the underlying state district court proceeding, but not transcribed into the trial transcript. ECF Nos. 93.  Respondents indicate they obtained a copy of Brent Engle's trial testimony from the companion case, C227874, and that it "appears to be the testimony that was read into the record" during the trial in case No. C228752, which is the trial at issue in this habeas proceeding. (ECF No. 96 at 1–2.)  The respondents did not file the transcript

of Engle's testimony with this Court because they claim it is not "part of the official record in Case No. C228752." (*Id.*)  The petitioner contends the testimony is part of the state court record for state district court Case No. C228752 because Engle's testimony was read to the jury during the trial. (ECF No. 99.)  The parties do not dispute whether the testimony of Engle that was generated in the companion case is the same testimony that was read to the jury during the trial underlying this proceeding.  Therefore, the Court agrees with the petitioner that Engle's testimony is part of the record of proceedings underlying the present petition and orders the respondents to file with this Court the transcript of Engle's testimony as a supplemental exhibit.

**IV.     The petitioner is ordered to file the transcript for the March 29, 2016, hearing.**

The Court ordered the respondents to file the reporter's transcript for the postconviction review hearing held in the state district court on March 29, 2016. (ECF No 93.)  The respondents did not do so stating they were told, "No transcript or request for transcript of the March 29, 2016, hearing has been filed in this case." (ECF No. 96 at 1).  The petitioner responds that he ordered the transcript, and it will be available in the "very near future."  The Court will order that petitioner submit to the Court the hearing transcript for the March 29, 2016, postconviction review hearing.

**IT IS THEREFORE ORDERED:**

1. The petitioner's request to strike Exhibit 227 (ECF No. 98-1) is GRANTED.

2. The respondents' Motion for Leave to File Documents Under Seal ("Motion") (ECF No. 97) is GRANTED as to Exhibit 228 (ECF No. 98-2) and that exhibit is considered properly filed under seal.  The motion is DENIED as to Exhibit 227 (ECF No. 98-1) because that document is ordered stricken from the record.

3. The respondents have until **March 4, 2024**, to file with the Court, as a supplemental exhibit, the transcript of Brent Engle's testimony.  Petitioner will have three days after the filing of the transcript of Engle's testimony to admit or deny the correctness of that supplemental exhibit.

4. The petitioner will have until **March 11, 2024**, to file with the Court as a supplemental exhibit the transcript of proceedings for the state district court's postconviction review hearing held on March 29, 2016.  The respondents will have three days after the filing

of the transcript for the March 29, 2016, hearing to admit or deny the correctness of that supplemental exhibit.

5. The Clerk of the Court is directed to STRIKE Exhibit 227 (ECF No. 98-1) from the Court's Docket.

DATED: February 27, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE